ERSHOWSKY et al. v. KORN et al.

(Supreme Court, Appellate Term. December 16, 1908.)

1. ACCOUNT STATED (§ 1*)—ASSENT OF PARTIES—CONDITIONAL PROMISE.

Where defendants promised that plaintiffs "would get all the money coming to them" upon the happening of another event, an action on an account stated will not lie.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1, 2; Dec. Dig. § 1.*]

2. APPEAL AND ERROR (§ 840*)—REVIEW—QUESTIONS REVIEWABLE.

Where plaintiff recovered a default judgment, on which execution was issued and levy made, and about a year thereafter the judgment was vacated and another trial had, when judgment again went for plaintiff, on

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant's appeal therefrom, laches in opening the default judgment cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 840.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Barney Ershowsky and another against Isaac Korn and another. From a judgment for plaintiff, defendant Korn appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Freiman & Dobroezynski, for appellant.

Joseph G. Abramson, for respondents.

PER CURIAM. The pleadings are oral. The complaint is: "Goods sold and delivered." The answer is: "General denial. Demand bill of particulars." No bill of particulars, however, is annexed to the record. It appears that a considerable time ago—i. e., April 13, 1906—judgment by default was obtained herein by plaintiffs, and that the amount of the judgment was collected under execution, and that plaintiffs still retain such money. Subsequently, however, and on March 18, 1907, the default was opened, the judgment set aside, and the case set down for trial. On the trial, which was before a jury, on April 27, 1908, the plaintiffs appear to have devoted their efforts to show an account stated, instead of proving their cause of action under their complaint for goods sold and delivered. The jury found for plaintiffs, and against Isaac Korn, in the sum of $152.95, while as to the other defendant the complaint was dismissed. Defendant Korn appeals.

There is no proof of an account stated, as, at the best, plaintiffs' evidence shows a mere promise, conditioned upon the happening of another event, that plaintiffs "would get all the money coming to them." While the gross laches of the defendants in waiting nearly a year after the default judgment had been collected under execution before getting the default opened, while not subject to a review on this appeal, may cast a shadow of suspicion on defendants' position, as such delay probably rendered it more difficult for plaintiffs to prove their case, still such laches is not subject to review on this appeal.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.